IN RE: FRANK CONTREVO, DECEASED, AND
LETITIA A. CONTREVO, DEBTORS.

LETITIA ARIAS CONTREVO, APPELLANT, *v.* MERCURY
FINANCE CO. OF NEVADA; MERCURY FINANCE
CO., LLC; AND FORD MOTOR CREDIT COMPANY,
RESPONDENTS.

No. 46287

March 8, 2007

153 P.3d 652

*Joseph A. Scalia, II*, Las Vegas; *Theresa M. Quackenbush*, Las Vegas, for Appellant.

*Miles, Bauer, Bergstrom & Winters, LLP*, and *Jeremy T. Bergstrom*, Henderson, for Respondents.

Before the Court EN BANC.[1]

## OPINION

By the Court, DOUGLAS, J.:

In response to a certified question submitted by the United States Bankruptcy Court for the District of Nevada, we consider whether an NRS 17.150 abstract judgment lien attaches to homestead property that is fully exempt, both at the time that the judgment lien is recorded and at the time that the homestead property is sold. We hold that an abstract judgment lien under NRS 17.150 cannot attach to such homestead property and that such a lien is void and ineffective as to the exempt equity in such property.

### FACTS AND PROCEDURAL HISTORY

Appellant-Debtor Letitia Contrevo, on behalf of herself and her now-deceased husband, Frank Contrevo (collectively the Contrevos), filed a joint petition for Chapter 7 bankruptcy in October of 2002, in the United States Bankruptcy Court for the District of Nevada. The Contrevos' debts consisted of primarily unsecured claims totaling $59,000. Respondents Mercury Finance Company and Ford Motor Credit Company were listed in the bankruptcy petition as unsecured creditors for deficit balances on repossessed vehicles. Before the Contrevos filed their bankruptcy petition, respondents obtained a default judgment against them for the deficient balances remaining after their repossessed vehicles were sold. Respondents recorded an abstract judgment lien under NRS 17.150 against the Contrevos' real property. However, before respondents recorded the judgment lien, the Contrevos properly recorded a homestead declaration on their home.

Frank Contrevo passed away while the bankruptcy was pending, and the bankruptcy petition was ultimately discharged in February 2003. His estate's probate proceedings concluded in early 2003 with the appellant receiving full ownership of the family home. Since the Contrevos had properly recorded a homestead declaration, the home was, at all relevant times, declared as their homestead and was exempt from execution.

---

[1]This case was submitted for decision before January 1, 2007. Thus, only those justices remaining on the court who previously heard this matter participated in this decision. THE HONORABLE MICHAEL A. CHERRY, Justice, and THE HONORABLE NANCY M. SAITTA, Justice, therefore did not participate in the decision of this matter.

The appellant subsequently sold the home in March 2004. During closing, the respondents' judgment lien was allegedly brought to the appellant's attention for the first time. The escrow company paid the judgment lien out of funds held in escrow, despite what appeared to be the appellant's instructions to the contrary.

In May 2004, the appellant sought and obtained an order from the bankruptcy court reopening the Contrevos' Chapter 7 case to determine the dischargeability of the debt owed to the respondents. The appellant also filed a motion to disgorge the funds paid to respondents from the escrow account.

The bankruptcy court determined that a question of law existed as to whether NRS 17.150 prevented the attachment of a judgment lien to real property that was fully exempt from execution both at the time the judgment was recorded and at the time the property was sold.

The bankruptcy court subsequently submitted the following certified question to this court:

> Given that N.R.S. § 17.150 provides that a judgment when recorded becomes a lien upon property which is not exempt from execution, is a Nevada homestead subject to the attachment of a judgment lien under N.R.S. § 17.150 if the equity in the homestead is fully exempt when the judgment is recorded and when the homestead is sold? In other words, did Mercury Finance's judgment attach as a lien when, at the time the judgment was recorded and when the property was sold, the homestead property was fully exempt pursuant to N.R.S. § 115.010?

## DISCUSSION

Under NRAP 5(a), this court may answer questions of law certified to it by federal courts when the "answers may 'be determinative' of part of the federal case, there is no controlling [Nevada] precedent, and the answer will help settle important questions of law."[2] The answer to the question presented by the United States Bankruptcy Court for the District of Nevada will determine a part of an ongoing bankruptcy case. Further, it appears that there is minimal Nevada precedent on the question presented, and the answer will settle an important question of law. Therefore, we will address the certified question presented to this court.

### Statutory construction

This certified question involves statutory construction. When examining a statute, this court should ascribe plain meaning to its

---

[2]*Volvo Cars of North America v. Ricci*, 122 Nev. 746, 750-51, 137 P.3d 1161, 1164 (2006).

words, unless the plain meaning was clearly not intended.[3] If, however, a statute is subject to more than one reasonable interpretation, then it is ambiguous, and the plain meaning rule does not apply.[4] When a statute is ambiguous, legislative intent is the controlling factor, and reason and public policy may be considered in determining what the legislature intended.[5]

*Abstract judgment liens under NRS 17.150 cannot attach to property that is fully exempt from execution under NRS 115.010*

The certified question involves the interplay between Nevada's abstract judgment lien statute and Nevada's homestead statutes. NRS 17.150(2) provides that a judgment becomes a lien on all real property owned by the debtor in the county in which it is recorded, unless the property is otherwise exempt from execution. Nevada's homestead statute, NRS 115.010, provides that up to $350,000[6] in equity in a house and land designated as a homestead is exempt from execution.

Respondents contend that a judgment lien attaches to all real property, both exempt and nonexempt, and that, in the case of homestead property, the judgment lien lies "dormant" until the judgment debtor acquires equity in the property that exceeds $350,000. Although a minority of jurisdictions have concluded that a judgment lien can attach to homestead property but lies "dormant" until the property is no longer exempt or until nonexempt surplus equity is available,[7] we reject this view for four reasons.

First, Nevada has a constitutional imperative that homestead property be exempt from legal process and placed outside the reach of creditors. Nevada Constitution Article 4, Section 30 provides, in relevant part and with emphasis added, that "[a] homestead as provided by law, shall be exempt from forced sale under *any* process of law."[8] To comply with this constitutional mandate, the Nevada Legislature enacted what is now NRS 21.090, which specifically exempts a homestead from execution. Nevada's constitutional directive would be thwarted if "dormant" judgment liens could attach to fully exempt homestead property.

Second, a plain reading of NRS 17.150(2), NRS 21.090(1), and NRS 115.010(1)-(2) indicates that an abstract judgment lien

---

[3]*Harris Assocs. v. Clark County Sch. Dist.*, 119 Nev. 638, 641-42, 81 P.3d 532, 534 (2003).

[4]*Id.* at 642, 81 P.3d at 534.

[5]*Id.*

[6]The exemption was $200,000 in 2004 when the appellant sold her home.

[7]*See, e.g.*, *McMillan v. Aru*, 773 So. 2d 355, 358 (Miss. Ct. App. 2000) ("[A] lien exists and attaches but it avails the holder of nothing unless something occurs to the exemption.").

[8]*See also* Nev. Const. art. 1, § 14.

cannot attach to fully exempt homestead property. By its express terms, NRS 17.150(2) liens only attach to "real property of the judgment debtor not exempt from execution." Further, NRS 21.090(1) and NRS 115.010(1)-(2) provide that homestead property is exempt from execution.[9] Thus, these statutes plainly exempt homestead property from the attachment of NRS 17.150 liens.

Third, even if the statutory scheme could somehow be deemed ambiguous, nothing in the legislative history of NRS 17.150 and NRS 115.010 indicates that abstract judgment liens were intended to attach or otherwise affect the title to fully exempt homestead property. Moreover, this court has, in the past, liberally construed the homestead exemption in favor of the debtor.[10] Thus, Nevada's exemptions have historically been "absolute and unqualified," with few exceptions, "and [their] effect is to remove the property beyond the reach of legal process."[11] Consequently, even if the statutory provisions did not plainly preclude a "dormant" judgment lien from later taking effect, we would, based on public policy, interpret them liberally to protect the property owner.

Fourth and finally, we have previously concluded that a debtor has the legal right to transfer or sell his exempt homestead property free from the liens of creditors unless otherwise provided by statute.[12] Permitting creditors to attach judgment liens to exempt homestead property would allow them to cloud the title to property that they have no legal right to execute against.[13]

---

[9]NRS 21.090(1) states, in pertinent part, that "[t]he following property is exempt from execution . . . [t]he homestead as provided for by law." NRS 115.010(1) more specifically provides that "[t]he homestead is not subject to forced sale on execution or any final process from any court." NRS 115.010(2) limits this exemption "only to that amount of equity in the property . . . which does not exceed $350,000 in value, unless allodial title has been established and not relinquished, in which case the exemption . . . extends to all equity." Although certain statutory exceptions to this exempt status may exist, any exceptions are not at issue in this proceeding. *See* NRS 21.090(1); NRS 115.010(1).

[10]*Hawthorne v. Smith*, 3 Nev. 182, 189 (1867) ("The object of the attachment law is not to allow the creditor to seize property which is exempt from execution, but to secure that which is liable to such process."); *McGill v. Lewis*, 61 Nev. 28, 40, 116 P.2d 581, 583 (1941) (stating that rules exempting homesteads from forced sale should be liberally construed); *Jackman v. Nance*, 109 Nev. 716, 718, 857 P.2d 7, 8 (1993) (stating that the purpose of homestead laws is to preserve family and community stability, those aims are more important than demands of creditors, and homestead laws are to be liberally construed in favor of the debtors).

[11]*Elder v. Williams*, 16 Nev. 416, 423 (1882).

[12]*See Bailey v. Littell*, 24 Nev. 294, 303, 53 P. 308, 309-10 (1898).

[13]We acknowledge that NRS 17.150(2) grants a lien which attaches to all nonexempt real property which the debtor may "afterward acquire." In a situation where a debtor's home is fully exempt at the time the lien is recorded,

For these reasons, we join the majority of courts in concluding that an abstract judgment lien under NRS 17.150 is void with respect to fully exempt homestead property,[14] and a lien under this statute does not attach to such property or otherwise affect the property's title.

## Effect of the doctrine of priority liens

Respondents argue that by failing to allow an abstract judgment lien to attach to homestead property, this court would cripple the doctrine of priority liens. Under the doctrine of priority liens, the first judgment creditor to record its judgment normally wins priority.[15] Respondents maintain that if a first creditor records when no surplus equity exists in the homestead property, then under the holding we now adopt, the first creditor's lien fails and ceases to come into existence.[16] On the other hand, a second creditor that subsequently records when surplus equity exists in the homestead property will be able to execute on its lien and recover its judgment to the detriment of the first creditor.

Respondents' reliance on the "doctrine of priority liens" is misplaced. Here, it would be impossible for a second creditor to attach "surplus equity" at the expense of the first creditor, because

---

but the debtor subsequently gains surplus equity in his home prior to or during the sale or transfer, one could argue that the abstract judgment lien attaches to the surplus equity when and if it exists, and that at such time the creditor could execute against the surplus equity subject to the procedures set forth in NRS 115.050(1)-(2). However, this is not the question certified to this court, and we decline to address the issue here.

[14]*See, e.g., In re Schalebaum*, 273 B.R. 1, 3 (Bankr. D. N.H. 2001) (a judgment lien does not attach to homestead property); *Baratta v. Polk County Health Services*, 588 N.W.2d 107, 112 (Iowa 1999) (homestead exemption prevents both execution against homestead property and the attachment of judgment liens to homestead property); *Mercier v. Partlow*, 546 A.2d 787, 790 (Vt. 1988) (homestead property is exempt from the attachment of a judgment lien); *Rumage v. Gullberg*, 611 N.W.2d 458, 466 (Wis. 2000) (where the debtor's property is fully exempt, there can be no lien upon such property); *Amin v. Khazindar*, 5 Cal. Rptr. 3d 224, 228 (Ct. App. 2003) (judgment liens only attach to excess equity); *City Center Nat. Bank, N.A. v. Barone*, 807 P.2d 1251, 1252 (Colo. Ct. App. 1991) ("if property is exempt from execution, it must of necessity be exempt from the lien of the judgment"); *Suntrust Bank/Miami, N.A. v. Papadopolous*, 740 So. 2d 594, 596 (Fla. Dist. Ct. App. 1999) ("[j]udgment liens do not attach to homestead property and there is no way in which a judgment creditor can compel sale of such property to satisfy its claim"); *Wilcox v. Marriott*, 103 S.W.3d 469, 473 (Tex. Ct. App. 2003) ("a judgment lien that has been properly abstracted cannot attach to a homestead as long as the property remains homestead").

[15]*See generally Teaman v. Wilkinson*, 69 Cal. Rptr. 2d 705 (Ct. App. 1997).

[16]*Id.*

there would be no surplus equity to attach when the debtor's home is exempt from attachment both at the time the judgment is recorded and at the time of sale. Therefore, the doctrine of priority liens is inapplicable.

## CONCLUSION

We answer the certified question in the negative and conclude that an abstract judgment lien under NRS 17.150 cannot attach to homestead property that is fully exempt, both at the time the judgment is recorded and at the time the property is sold.

As for the parties' remaining contentions, we conclude that they are either without merit or outside of the scope of the question presented, and we decline to address them here.

MAUPIN, C. J., GIBBONS, HARDESTY and PARRAGUIRRE, JJ., concur.